*485 Opinion of
the Court.
THIS was a writ of error coram vobis, brought by the plaintiffs in error, in the circuit court, to set aside a *486 replevin bond executed by them to the defendant, Seldon, under a distress warrant which she caused to issue from a justice of the peace, against Sheriff and Talbot, for rent.
A writ of repliven, & not a writ of error coram vobis, is the remedy for irregularities in the distress; & such irregularities are waived by entering into a replevin bond.
Ten per cent, damages ought to be awarded where a writ of error coram vobis is quashed because sued but too late.
The errors assigned in the court below question the propriety of the distress under the warrant from the justice, as well as the sufficiency of the replevin bond. The writ of error coram vobis issued and was made returnable to a court subsequent to the first court held next after the first execution issued on the replevin bond, and the court below, supposing the writ to have issued after too great a lapse of time, quashed it, and rendered judgment against the plaintiff for ten per centum damages on the amount of the replevin bond, &c. To reverse the judgment quashing the writ and giving damages, this writ of error has been prosecuted.
If replevin bonds taken on distress for rent, be comprehended in the provisions of the act of 1802 concerning writs of error, (3 Litt. 92, 2 Dig. 1257,) it was clearly irregular to sue out a writ of error coram vobis after the first court subsequent to the issuing the first execution on the replevin bond; for the fifth section of that act expressly provides, that “every writ of error coram vobis shall be issued returnable to the first day of any court to be held next after the return of such bond to the office of the said court, or to the first day of the court to be held next after the issuing of the first execution on such bond, and to no court thereafter.” And whether the letter of the act, or the reason which induced the legislature to pass it, be consulted, it is equally apparent that replevin bonds executed under a distress for rent, are comprehended by the act. The section we have already cited, for the description of bonds alluded to, refers to a previous section, and that section, in explicit language, applies to every description of replevin bonds.
The object of the legislature in passing the act, must have been to prevent, by limiting the time of suing out writs of error coram vobis, the inconveniences which occurred to the community from the frequency of such writs; and the inconveniences which would follow from permitting the use of such writs to overturn replevin bonds taken under distress for rent, after an indefinite period, demanded legislative interposition, as forcibly as in any other description of replevin bonds. Besides, *487 were we to judge from the summary remedy provided for the collection of rent by distress, it is highly probable that the legislature intended not to be more indulgent in permitting exceptions to replevin bonds taken in such cases, than to any other description of replevin bonds. It was, therefore, too late to question the sufficiency of the bond, after the first court subsequent to the issuing of an execution on the bond; and, consequently, the court decided correctly in quashing the writ, unless the errors assigned as to the irregularity of the distress, should have produced a different result.
The statute to which we have referred, does not, we apprehend, apply to such errors; it applies only to errors existing in replevin bonds and executions, and leaves the question of regularity in making the distress as though no such statute had been enacted. We think, however, that it was not competent for the plaintiffs to avail themselves of any irregularity in the distress, by a writ of error coram vobis. If the distress were irregular, the plaintiffs had a known and certain remedy by writ of replevin; but as, instead of pursuing that remedy, they have replevied the debt, they must be considered as having waived all objections to the regularity of the distress, and cannot now be permitted to question it by a writ of error coram vobis.
With respect to the damages given by the court below, there can be no possible objection. The writ of error was brought to a replevin bond, and the act to which we have referred expressly gives damages on the dismission or discontinuance of such writ; and the quashal of the writ was emphatically a dismission of it.
Judgment affirmed.